1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN CHAIKIN, an individual, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>          vs.<br><br>LULULEMON USA INC., a Nevada Corporation, LULULEMON ATHLETICA INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>                              Defendants. | CASE NO.: 3:12-CV-02481-GPC-MDD<br><br>**ORDER PRELIMINARYILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**<br><br>[Dkt. No. 24] |

Named Plaintiff Lauren Chaikin ("Plaintiff") and Defendant lululemon USA Inc. and lululemon Athletica Inc. ("lululemon" or "Defendants") have entered into a Settlement Agreement ("Agreement") dated April 1, 2013, which, if finally approved, would resolve this putative Class action case ("Litigation").  The parties seek preliminary approval of Class action settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

The putative Class action is brought by Plaintiff on behalf of herself and all other customers who purchased merchandise from stores owned and operated by Defendants in California, used a credit card to make an in-store purchase, and whose personal identification information was requested and recorded by a lululemon employee. (Dkt. No. 8, "Amended Complaint.")  Plaintiff alleges these acts constitute a violation of the Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08. (Id.)

Defendants, retailers which own and operate retail stores throughout California, deny all claims of wrongdoing and assert several defenses on the grounds that it did not violate any laws relating to its' alleged conduct. (Dkt. No. 10, "Answer.")

The parties have engaged in extensive arms-length negotiations and entered into a Settlement Agreement and Release. (Dkt. No. 24-3.) Plaintiff has engaged in informal discovery and analyzed the relevant legal issues with regards to the claims and potential defenses to the action. (Dkt. No. 24-2.)  Defendants provided Plaintiff with information relating to its policies and practices regarding the collection of personal identification information and the approximate total number of Class Members. (Id.)  Plaintiff and her counsel considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the continued prosecution of this time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Defendant. (Id.)  Defendant agrees that counsel for each of the

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Parties has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial. (Id.)  Defendants also recognize that the expense and time spent pursuing this Litigation has and will further detract from resources that may be used to run Defendants' business. (Dkt. No. 24-3.)  Both parties conclude that the Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class. (Id.)

Due to the uncertainties and expense of protracted litigation, the Parties engaged in negotiations and ultimately agreed on the material terms of the Settlement Agreement. (Dkt. No. 24-3.)  The Agreement was reached only after investigation and informal discovery was conducted during the Litigation, and was the result of negotiations between the parties as embodied in the Agreement. (Id.)

The Court has read and considered the Agreement and all exhibits attached thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) provisionally certifying a Class for settlement purposes; (3) preliminarily approving the form, manner and content of the Class Notices and Claim Form; (4) appointing Plaintiff Lauren Chaikin as Class representative and her counsel as Class Counsel; (5) directing the Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Unopposed Motion for Preliminary Approval.  Accordingly, the Court herby makes the following findings and orders:

1.   Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for purposes of settlement, this Litigation as a Class action on behalf of the following Class:

> All persons who used a credit card to purchase merchandise at one of the Affected Locations during the applicable Class Period, and from whom Defendants requested and recorded their ZIP code.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    Excluded from the Settlement Class are all persons who used a debit card, business

2    credit card or a prepaid credit card to purchase merchandise; all persons who only

3    engaged in a transaction that involved shipping, delivery, return or servicing of the

4    purchased merchandise, or for special orders; all persons who opt-out of the

5    settlement in a timely and correct manner; Defendants, its subsidiaries, affiliates,

6    successors, assigns, any entity in which Defendants have a controlling interest and

7    all of their respective officers, directors, and employees; counsel of record and

8    their respective law firms for either of the Parties; and the presiding judge in the

9    Action, his family members and relatives.

10           2.      The Court finds that the Class meets the requirements of Rule 23(a),

11   and (b)(3) of the Federal Rules of Civil Procedure.  Joinder of all Class Members

12   in a single proceeding would be impracticable because of the size of the potential

13   Class is approximately 13, 912. (See Dkt. No. 24-4, "Stonebarger Decl." at ¶ 7.)

14   Common issues exist among Class Members and predominate over questions

15   affecting individual Class Members only.  In particular, each Class Member's

16   claim depends on whether lululemon's conduct of requesting and recording

17   personal identification information from its credit card customers violated

18   California Civil Code Section 1747.08.  The named Plaintiff's claims are typical of

19   and identical to those of the Class, as Plaintiff alleges she was exposed to the same

20   alleged unlawful policy and practice of lululemon.  Specifically, Plaintiff alleges

21   that lululemon requested and recorded her personal identification information

22   during a credit card purchase transaction.  The Plaintiff and her counsel will fairly

23   and adequately protect the interests of the Class, as Plaintiff has no interests

24   antagonistic to the Class and has retained experienced and competent counsel to

25   prosecute this matter on behalf of the Class.  Finally, a Class settlement is superior

26   to other methods available for a fair resolution of the controversy.

27           3.      The Court approves Plaintiff Lauren Chaikin as Class Representative.

28

4.     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the law firms of Stonebarger Law, APC, Patterson Law Group, APC and Pilot Law, P.C. as Class Counsel.

5.     The Court preliminarily approves the Agreement, including the Class Notice, short form Class Notice, and Claim Form, attached to the Agreement as Exhibits A through C.  The Court finds that the terms of the Agreement appear sufficient, fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Class.

6.     The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel. The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

7.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Final Approval Hearing Date") on **March 14, 2014, at 1:30 p.m.**, in Courtroom 2D before the undersigned judge of the United States District Court for the Southern District of California, for the following purposes:

a. to finally determine whether the Class meets all applicable requirements of Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), for purposes of effectuating the Agreement;

b. to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be finally approved by the Court;

c. to consider the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

d. to consider the application of the named Plaintiff for a Class representative incentive award, as provided for in the Agreement;

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

e. to consider whether the Court should enter the proposed Judgment, Final Order and Decree;

f. to consider whether the release by the Class Members of the Released Claims as set forth in the Agreement should be provided; and

g. to otherwise rule upon such matters as the Court may deem just and appropriate.

8.     Class Members must file and serve any objections to the proposed settlement no later than **thirty (30)** calendar days prior to the Final Approval Hearing Date and must include any memoranda and/or other submissions in support of the objections. This deadline to file and serve objections shall be set forth in the Class Notice.

9.     All papers in support of the Agreement, including the Parties' Joint Motion for Final Approval and any response to an objection, must be filed with the Court and served at least **twenty-one (21)** calendar days prior to the Final Approval Hearing date.

10.     Any applications for an award of attorney fees, costs, and/or a Class-representative incentive award must be filed with the Court and served at least **forty-five (45)** calendar days prior to the Final Approval Hearing date. After filing, any such applications shall be posted on the Settlement Website for review by Class Members.

11.     The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Section V of the Agreement. The Notice Plan provides for notice to the Class by publication. The Court finds that the Notice Plan submitted by the Parties constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 and the Due Process Clause of the United States Constitution.  Pursuant to the Notice Plan, Defendants lululemon USA Inc. and lululemon Athletica Inc.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

("Defendants" or "lululemon") shall notify Class Members of the settlement in the manner specified under Section V of the Agreement within thirty (30) calendar days from the date of this Order. The short form Class Notice must be posted at Defendants' Lake Tahoe and San Diego showrooms and the Studio City retail store for at least **thirty (30)** calendar days. The Class Notice must be published on the settlement website for at least **thirty (30)** days. The Class Notice will be emailed by the Settlement Administrator to the Settlement Class Members who provided their email addresses at the affected locations.  Defendants shall pay all costs associated with claims administration and providing notice to Class Members.  No later than fourteen **(14) days** after the Objection/Exclusion Deadline, Defendants are to provide Plaintiff with a declaration or declarations from the Settlement Administrator confirming that the notice has been provided in accordance with Section V of the Agreement.

12.     Class Notice, short form Class Notice, and Claim Form (all attached to the Agreement) comply with due process because the notices and claim form are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

13.     The Court approves the duties of the Settlement Administrator as outlined in the Section IV of the Agreement and the parties' agreement that Defendants shall bear the costs and fees associated with administering the Agreement.  All disputes related to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court.

14.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

15.     Any Class Member who wishes to participate in the settlement shall

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

complete a Claim Form and submit it to the Class Action Administrator no later than **ninety (90)** calendar days after the date the Court enters the final judgment approving the settlement ("Claim-In Period"). Such deadline may be further extended without notice to the Class by Court order.

16.     Class Members who want to receive a credit voucher under the Agreement, but did not provide his/her email address to be included on Defendants' product notification mailing list, must accurately and completely fill out a Claim Form and submit it to the Claims Administrator by U.S. mail **within thirty (30)** calendar days after the last date on which the Class Notice is published to Class Members.

17.     Class Members who have not submitted a timely written exclusion request and who want to object to the Agreement must file a written objection and/or a Notice of Intention to Appear with the Court, and serve copies on Class Counsel and Defendant's Counsel no later than **thirty (30)** calendar days after the last date on which the Class Notice is published to Class Members.  To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Litigation, and must contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; and (iv) identification of the case name, case number, and court for any prior Class action lawsuit in which the objector and attorney (if applicable) has objected to a proposed Class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s).

18.     Class Members who fail to timely file and serve a written objection in the manner specified above shall be deemed to have waived any objections and

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

shall be foreclosed from making any objection, whether by appeal or otherwise, to the Settlement.

19.     Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator, not later than **thirty (30) days** after the last date Class Notice is published to Class Members, a written statement containing the mandatory language for the Request for Exclusion as provided in the Class Notice. Any Class Member who properly excludes himself or herself shall not be entitled to any payment or benefit from the Settlement, shall not be bound by the Settlement.

20.     If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements, that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than thirty (30) calendar days before the Final Approval Hearing, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Counsel for Defendant and Class Counsel, postmarked no later than thirty (30) calendar days before the Final Approval Hearing.

21.     A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived unless the Class Member can demonstrate good cause for having failed to raise an objection in a timely and validly submitted written objection.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

22.   Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

23.   If the Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiff will revert to functioning as a putative Class representative as if no Class had been certified; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

24.   All discovery and pretrial proceedings and deadlines are **stayed and suspended until further notice from the Court,** except for such actions as are necessary to implement the Agreement and this Order

25.   The hearing on Plaintiff's Unopposed Motion for Preliminary Approval, currently set for November 15, 2013, at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

DATED: November 6, 2013

HONORABLE GONZALO P. CURIEL
United States District Court Judge

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT