Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

James R. Patterson, State Bar No. 211102
jim@pattersonlawgroup.com
PATTERSON LAW GROUP
A Professional Corporation
402 W. Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Brian J. Lawler, State Bar No. 221488
blawler@pilotlawcorp.com
PILOT LAW, P.C.
701 B Street, Suite 1170
San Diego, CA 92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAUREN CHAIKIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LULULEMON USA INC., a Nevada Corporation, LULULEMON ATHLETICA INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:12-CV-02481-GPC-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   March 14, 2014<br>Time:   1:30 p.m.<br>Courtroom: 2D<br>Judge: Hon. Gonzalo P. Curiel |

# TABLE OF CONTENTS

I. BACKGROUND .................................................................................................. 1

    A. The Alleged Violation and Litigation ..................................................... 1

    B. Settlement Negotiations and Mandatory Settlement Conference ........ 1

II. THE PROPOSED SETTLEMENT ................................................................... 2

    A. Class Benefits .......................................................................................... 2

    B. Compliance with California Civil Code section 1747.08 ..................... 2

    C. Notice of the Settlement to Class Members .......................................... 2

        1. Direct Email Notice ...................................................................... 3

        2. Publication Notice ......................................................................... 3

        3. Website Notice .............................................................................. 3

    D. Objections to and Exclusions from the Settlement .............................. 4

    E. Attorneys' Fees, Costs and Incentive Fee Award ................................. 4

III. ARGUMENT ...................................................................................................... 4

    A. The Court Should Approve the Proposed Settlement Because a Class Exists, and the Proposed Settlement is Fair, Adequate, and Reasonable. .......................................................................................... 4

        1. A Class Exists, Satisfying the First Prong of the Settlement-Approval Analysis ................................................... 5

            a. *Numerosity* ......................................................................... 6

            b. *Commonality* ..................................................................... 6

            c. *Typicality* .......................................................................... 6

            d. *Adequacy of Representation* ............................................ 7

    e. *Common Questions Predominate* ................................................. 7

  2. The Proposed Settlement is Fair, Adequate, and Reasonable ... 8

    a. *The strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation* ....... 9

    b. *The amount or type of relief offered in Settlement* ........ 11

    c. *The stage of litigation* ...................................................... 12

    d. *The experience and views of Class Counsel* ................... 12

    e. *The presence of a governmental participant* ................... 13

    f. *The reaction of Class Members* ....................................... 13

    g. *Lack of collusion between the parties* ............................. 13

 B. The Class Received Adequate Notice of the Settlement. .................... 13

IV. CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**

*City of Detroit v. Grinnell Corporation,*
   495 F.2d 448 (2nd Cir. 1974) .................................................................. 9, 11

*Ellis v. Naval Air Rework Facility,*
   87 F.R.D. 15 (N.D. Cal. 1980) ....................................................................... 9

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ................................................................... 7, 8

*Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992) ......................................................................... 7

*In re Corrugated Container Antitrust Litig.,*
   643 F.2d 195 (5th Cir. 1981) ....................................................................... 12

*In re Immune Response Secs. Litig.,*
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ...................................................... 10

*Jordan v. County of Los Angeles,*
   669 F.2d 1311 (9th Cir. 1982) ....................................................................... 6

*Lerwill v. Inflight Motion Pictures, Inc.,*
   582 F.2d 507 (9th Cir. 1978) ......................................................................... 7

*Linney v. Cellular Alaska P'ship,*
   151 F.3d 1234 (9th Cir. 1998) ..................................................... 8, 9, 11, 12

*Morales v. Stevco, Inc.,*
   2012 U.S. Dist. LEXIS 68640 (E.D. Cal. 2012) ........................................ 4, 6

*Mullane v. Cent. Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950) ....................................................................................... 2

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ................................................................... 5

*Rodriguez v. West Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) ......................................................................... 8

STONEBARGER LAW
A Professional Corporation

*Schwartz v. Harp*,
    108 F.R.D. 279 (C.D. Cal. 1985) .......................................................................... 7

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ................................................................................ 2

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................... 4

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................. 8

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ........................................................................................ 6

**State Cases**

*7-Eleven Owners for Fair Franchising vs. Southland Corporation*,
    85 Cal.App.4th 1135 (2000) .............................................................................. 10

*Florez v. Linens 'N Things*,
    108 Cal.App.4th 447 (2003) .............................................................................. 10

*Pineda v. Williams-Sonoma Stores, Inc.*,
    51 Cal.4th 524 (2011) ......................................................................................... 9

*Wershba v. Apple Computer, Inc.*,
    91 Cal.App.4th 224 (2001) ................................................................................ 13

**Federal Statutes**

28 U.S.C. § 1715 ............................................................................................................ 13

Federal Rules of Civil Procedure, Rule 23 ............................................................. passim

**State Statutes**

California Civil Code § 1747.08 ................................................................................ passim

**Miscellaneous Authorities**

4 Alba Conte & Herbert B. Newberg,
    Newberg on Class Actions (4th ed. 2002) ................................................... 11, 13

7A Wright & Miller,
    Federal Practice & Procedure § 1778 (2d ed. 1986) ................................. 8

Manual for Complex Litigation (Third) § 30.41 (1995) ........................................... 5

**TABLE OF AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff respectfully submits this memorandum of points and authorities in support of her Motion for Final Approval of Class Action Settlement.

## I. BACKGROUND

### A. The Alleged Violation and Litigation

Plaintiff contends that Defendants lululemon USA Inc. and lululemon athletica Inc. ("lululemon") violated California Civil Code section 1747.08 ("Section 1747.08") by requesting and recording personal identification information from customers in conjunction with credit card transactions in its California retail stores. lululemon denies all claims of wrongdoing and asserts several affirmative defenses on the grounds that it did not violate the Song-Beverly Credit Card Act or any other laws relating to its alleged conduct.

On August 10, 2012, Plaintiff filed a class action complaint in the San Diego County Superior Court entitled *Lauren Chaikin v. lululemon USA Inc. et al.*, Case No. 37-2012-00102204, in which she alleged claims on her own behalf and on behalf of all others similarly situated for violations of California's Song-Beverly Credit Card Act, Civil Code section 1747.08 (the "Action").

On or about October 12, 2012, lululemon removed this Action to the Southern District of California where it was assigned the case number 12-CV-2481-GPC-MDD. On or about November 9, 2012, Plaintiff filed a First Amended Complaint.

### B. Settlement Negotiations and Mandatory Settlement Conference

After a mutual exchange of information through informal discovery, the parties attended an all-day mediation before the Honorable William C. Pate on February 21, 2013 and engaged in lengthy and informed arm's-length negotiations, during which the parties reached a fair, reasonable, and adequate resolution as to the material terms of Class relief and Notice. On September 30, 2013, the Parties fully executed the Settlement Agreement, and on November 6, 2013, this Court

preliminarily approved the Settlement Agreement [Doc. 25]. Declaration of Gene J. Stonebarger ("Stonebarger Decl.") at ¶3. In its Order, the Court approved the proposed settlement and the form of the Class Notices, and directed lululemon to provide Notice to the members of the Class.

## II.   THE PROPOSED SETTLEMENT

### A.   Class Benefits

There are 3,501 Class members for whom lululemon has a valid email addresses, and thus these 3,501 individuals will automatically receive $25 credit vouchers via email. Additionally, Class members have been presented with the opportunity to submit a claim for a $25 credit voucher. The Settlement Administrator received eight (8) timely and valid claims. Declaration of Kenneth Jue ("Jue Decl."), ¶6. As such, 3,509 Class members will receive $25 credit vouchers. lululemon will deliver the credit vouchers to Class members within forty (40) days of the Effective Date[1].

### B.   Compliance with California Civil Code section 1747.08

lululemon agrees to comply with the provisions of Section 1747.08 in its California retail stores and to not collect personal identification information in its California stores unless for reasons specifically exempted from Section 1747.08.

### C.   Notice of the Settlement to Class Members

Rule 23(e)(1) of the Federal Rules of Civil Procedure requires class members to receive notice of a settlement "in a reasonable manner." Class members need not receive "actual notice." *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994). Instead, notice may be provided in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

---

[1] Under the Settlement Agreement, "Effective Date" is defined as the latter of (1) the expiration of the time for appeal of the Court's order finally approving the settlement; or (2) the date of final resolution of any appeal from the Court's order finally approving the settlement.

In compliance with the Court's Preliminary Approval Order dated November 6, 2013 [Doc. 25], lululemon provided notice to the Class in three ways: Direct Email Notice, Publication Notice and Website Notice. The Class Notice ("Notice") described, inter alia, the claims in the lawsuit, the terms of the Settlement, and the procedures for objecting to the Settlement and for electing to be excluded from the Class and the Settlement. The Notice also informed Class members that they are permitted to appear at the Fairness Hearing on March 14, 2014, either with or without counsel. lululemon provided Class members with sufficient notice of the Settlement.

### 1.  Direct Email Notice

On December 6, 2013, the Settlement Administrator emailed the Class Notice (Exhibit 'A' to Jue Decl.) to 3,611 Class members who provided their email addresses to lululemon during the Class period. *See* Jue Decl. at ¶3. One hundred and ten (110) emails returned as undeliverable. *Id.* A total of 3,501 email notices appeared to be successfully delivered. *Id.*

### 2.  Publication Notice

From December 6, 2013 to January 4, 2014, lululemon posted the Short-Form Class Notice in the lululemon showrooms located in Truckee, Studio City, and San Diego in California. Declaration of Katiejane McManus Regarding Class Action Notice Posting ("McManus Decl.") at ¶2; Declaration of Regarding Class Action Notice Posting at ¶2 ("Hurwitz Decl."); Declaration of Elizabeth Robinson Regarding Class Action Notice Posting ("Robinson Decl.") at ¶2 .

### 3.  Website Notice

On December 6, 2013, the Settlement Administrator established a settlement-specific website, located at www.lululemon-songbeverlysettlement.com and www.gilardi.com/lululemon (the "Settlement Website"), for Class members to visit to learn information about the case. The website included downloadable copies of the Preliminary Approval Order, the Class Notice, the Settlement

Agreement, Claim Form, and Plaintiff's attorneys' fees application. Jue Decl. at ¶2. On January 6, 2014, the Settlement Administrator deactivated the link www.lululemon-songbeverlysettlement.com. The link www.gilardi.com/lululemon remains active. *Id.*

### D. Objections to and Exclusions from the Settlement

Pursuant to the Court's Preliminary Approval Order, Class members were required to file and postmark any objections to the proposed settlement on or before February 4, 2014. Similarly, Class members wishing to opt out of the settlement were required to mail a letter electing to exclude themselves from the Class on or before February 4, 2014. *Id.* There have been no objections and no requests to be excluded. Jue Decl. at ¶¶7-8.

### E. Attorneys' Fees, Costs and Incentive Fee Award

The Preliminary Approval Order appointed Plaintiff Lauren Chaikin as the Class representative, and the law firms of Stonebarger Law, APC, Patterson Law Group, APC, and Pilot Law, P.C. as Class Counsel. Plaintiff filed her Motion for Attorneys' Fees, Costs and Incentive Award on January 28, 2014, forty-five (45) days prior to the Final Approval Hearing. Class representative applied for an incentive award of $3,000, and $155,000 in attorneys' fees and costs to Class Counsel.

## III. ARGUMENT

### A. The Court Should Approve the Proposed Settlement Because a Class Exists, and the Proposed Settlement is Fair, Adequate, and Reasonable.

Court approval is required for any settlement agreement that will bind class members. *See* Fed. R. Civ. P. 23(e). Generally, class-settlement approval is a two-step process: (1) the Court evaluates whether a class exists; and (2) the Court determines whether the proposed settlement is fundamentally fair, adequate, and reasonable. *Morales v. Stevco, Inc.*, 2012 U.S. Dist. LEXIS 68640, at *16 (E.D. Cal. 2012) (*citing Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (internal

citations omitted)); *see also* Fed. R. Civ. P. 23(e)(2). After a grant of preliminary approval, notice is directed to the class members, and then the Court holds a fairness hearing, where it considers any objections from class members and decides whether to grant final settlement approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (*citing* Manual for Complex Litigation (Third) § 30.41 at 236-37 (1995)).

### 1. A Class Exists, Satisfying the First Prong of the Settlement-Approval Analysis

Class certification for settlement purposes should be granted because all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied. This Court preliminarily approved the Class defined in the Settlement Agreement. [Doc. 25] The Court defined the Class as follows:

> All persons who used a credit card to purchase merchandise at one of the Affected Locations during the applicable Class Period[2], and from whom Defendants requested and recorded their ZIP code.

Excluded from the Settlement Class are all persons who used a debit card, business credit card or a prepaid credit card to purchase merchandise; all persons who only engaged in a transaction that involved shipping, delivery, return or servicing of the purchased merchandise, or for special orders; all persons who opt-out of the settlement in a timely and correct manner; Defendants, its subsidiaries, affiliates, successors, assigns, any entity in which Defendants have a controlling interest and all of their respective officers, directors, and employees; counsel of record and their respective law firms for either of the Parties; and the presiding judge in the Action, his family members and relatives.

///

///

---

[2] The "Class Period" is specific to the location of the lululemon showroom at which the credit card transaction occurred, and means the following: (a) August 10, 2011, to August 16, 2012, for credit card transactions at the Carmel, Lake Tahoe, Los Gatos, and Sherman Oaks showrooms; or (b) August 10, 2011, to December 20, 2012, for credit card transactions at the San Diego showroom only.

### a. *Numerosity*

The class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Although there is no specific numerical threshold, joining more than one hundred plaintiffs is impracticable." *Morales*, 2012 U.S. Dist. LEXIS 68640, at *18-19 (citing *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 & n.10 (9th Cir. 1982) (finding that the numerosity requirement would have been "satisfied solely on the basis of the [110] ascertained class members" and listing multiple cases in which classes with fewer than 100 members were certified), *vacated on other grounds*, 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982)). Here, lululemon estimates that the total number of Class members is approximately 13,912. As such, the numerosity requirement is satisfied.

### b. *Commonality*

There are questions of law and fact that are common to the Class. *See* Fed. R. Civ. P. 23(a)(2). Some of the common questions include whether lululemon's policy and practice of requesting and recording customers' personal identification information during credit card purchase transactions violate California Civil Code section 1747.08. The common questions "must be of such a nature that [they are] capable of class-wide resolution—which means that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Here, the common questions go straight to the core of all of the Class members' claims and answers to the questions would resolve the suit. Thus, the commonality requirement is met.

### c. *Typicality*

The Class representative's claims are typical of the claims of the Class. *See* Fed. R. Civ. P. 23(a)(3). Typicality is tested by determining "whether other members have the same or similar injury, whether the action is based on conduct

which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (*quoting Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Here, all Class members allege that, in violation of Section 1747.08, their personal identification information was requested and recorded by lululemon during a credit card transaction. As such, typicality exists.

### d.   *Adequacy of Representation*

The Class representative is required to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, two questions must be resolved: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (*citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). Here, Class representative and Class Counsel allege that Class representative was asked for her personal identification information during a credit card purchase transaction during the Class Period. These allegations are identical, and not antagonistic to, the claims of the Class. Class representative has been actively involved in the litigation, and she, along with Class Counsel, has acted in the Class members' best interests. Further, as set forth in detail in the declarations of Class Counsel in support of the Motion for Attorneys' Fees, Costs and Incentive Award, Class Counsel is very experienced in class action litigation, including class actions for violations of Section 1747.08. Representation of the Class is adequate.

### e.   *Common Questions Predominate*

The final step in certification of this Settlement Class is to decide whether the common questions of law and fact predominate over individual questions, and whether a class action is superior to other methods of adjudication. *See* Fed. R. Civ. P. 23(b)(3). "When common questions present a significant aspect of the case

and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (*quoting* 7A Wright & Miller, Federal Practice & Procedure § 1778 (2d ed. 1986)).  Here, the common questions go directly to the heart of the case, and the Court's ruling in favor of the Settlement will resolve the claims for all Class members.  It follows that a class action is superior to other available methods of resolution.  Individual claims would be for such a small amount of damages that, "[e]ven if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs." *See Hanlon*, 150 F.3d at 1023.  The costs of individual litigation "would dwarf potential recovery." *Id*.  Thus, a class action will fairly and efficiently adjudicate the controversy.

### 2. The Proposed Settlement is Fair, Adequate, and Reasonable

In granting final approval of a settlement, the Court determines whether the "settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (*quoting Hanlon*, 150 F.3d at 1027).  To reach this determination, the Court must balance several factors that may include one or more of the following: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (holding that only one factor was necessary to demonstrate that the district court was acting within its discretion in approving the settlement).  Here, each relevant factor supports the conclusion that the Settlement is fundamentally fair,

adequate, and reasonable, and should be approved.

It is generally held that "the fact that the settlement agreement was reached in arm's length negotiations after relevant discovery [has] taken place create[s] a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at *5 (N.D. Cal. 1997), *aff'd,* 151 F.3d 1234 (9th Cir. 1998) (citing *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981)). In this context "[i]t cannot be overemphasized that neither the trial court in approving the settlement nor [an appellate court] in reviewing that approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute. It is well settled that in the judicial consideration of proposed settlements, 'the [trial] judge does not try out or attempt to decide the merits of the controversy,' [citation] and the appellate court 'need not and should not reach any dispositive conclusions on the admittedly unsettled legal issue.'" *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 456 (2nd Cir. 1974).

### a. *The strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation*

The core of Plaintiff's claim is that lululemon violated Section 1747.08 by requesting and recording Class members' personal identification information in conjunction with credit card transactions. Plaintiff believes she has the evidence needed to establish a case against lululemon. While Plaintiff and Class Counsel contend her claims are meritorious, lululemon has raised, and would continue to raise, challenges to the legal and factual bases for such claims. For example, Plaintiff contends that "requesting and recording a cardholder's [personal identification information, **without more**," violates Section 1747.08, and that a retailer cannot request personal identification information from a credit card customer "even if the consumer's response was voluntary and made only for marketing purposes." *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 527

(2011); *Florez v. Linens 'N Things*, 108 Cal.App.4th 447, 453 (2003).

lululemon denies any wrongdoing in this case. lululemon contends that consumers voluntarily provided personal identification information, that their request for ZIP code information was not intentional and resulted from a bona fide error, and thus there is no liability under Section 1747.08. lululemon also denies that this Action is suitable for class action status. Stonebarger Decl. at ¶4.

The uncertainty as to whether consumers' voluntariness constitutes an affirmative defense creates substantial risk for both sides. *Id.* at ¶5. Plaintiff and her counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against lululemon through trial and through appeals. *Id.* Plaintiff and her counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation. *Id.* This litigation involves complex class action issues, which would involve protracted risky litigation if not settled. *Id.*

"It is simply 'not appropriate for the court to attempt to settle these questions of law and fact:…[T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor [the appellate court] is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, *for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.*'" *In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) (internal citations omitted).

Notwithstanding, "the merits of the underlying class claims are not a basis for upsetting the settlement of a class action; the **operative word is 'settlement.'**" *7-Eleven Owners for Fair Franchising vs. Southland Corporation*, 85 Cal. App. 4th 1135, 1150 (2000) (emphasis added). Even "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and

of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *City of Detroit*, 495 F.2d at 455. Courts have aptly held that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Linney*, 151 F.3d at 1242 (italics omitted).

Pursuant to California Civil Code section 1747.08(e), a violator of the statute shall be liable for a civil penalty of up to $250.00 for the first violation and up to $1,000.00 for each subsequent violation of the statute, to be paid to the cardholder. Cal. Civ. Code § 1747.08(e). Because of the broad range of civil penalties that could be awarded by the Court after a trial in this case if lululemon is found to have violated the statute, substantial risk exists for both sides.

The Settlement Agreement provides certainty and benefits to Plaintiff and the Class now, while resolution of the litigation and all appeals may take years and would provide no guarantee of benefits. The advantages of settlement outweigh the costs, risks, and potential for delay, and the Settlement exemplifies an arm's-length compromise that is fair and desirable to the class. *See* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:50 at 155 (4th ed. 2002) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

### b. *The amount or type of relief offered in Settlement*

Given the strength of Plaintiff's case and the risk, expense, complexity and duration of further litigation, the amount and terms of the proposed monetary benefits are extremely advantageous. lululemon will provide $25.00 credit vouchers to 3,509 Class members. *See* Jue Decl. at ¶¶3, 6.

/ / /

/ / /

### c. *The stage of litigation*

The Parties have engaged in informal discovery, allowing Class Counsel and counsel for lululemon to sufficiently evaluate their positions' strengths and weaknesses, and the probable expense of taking this case to trial. In any event, it is not the law that no class action can be settled until the last particle of discovery has been completed and analyzed. "[I]n the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties had sufficient information to make an informed decision about settlement.... . [N]otwithstanding the status of discovery, Plaintiffs' negotiators had access to a plethora of information regarding the facts of their case.'" *Linney*, 151 F.3d at 1239-1240 (internal citations omitted); *see also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted.") (Emphasis omitted.)). Where, as here, a "plethora of information regarding the facts of [the] case" was available, the settlement should be approved.

### d. *The experience and views of Class Counsel*

Class Counsel is very experienced in consumer class actions. Attorneys at Stonebarger Law, APC, Patterson Law Group, APC, and Pilot Law, P.C. have represented millions of consumers in numerous consumer class actions asserting violations of California's consumer-protection statutes, including the Song-Beverly Credit Card Act of 1971. *See* [Doc. No. 28-2]; [Doc. No. 28-4]; [Doc. No. 28-6]. Plaintiff's attorneys are well qualified to conduct this litigation and to assess its settlement value. Defense counsel is also very experienced in the prosecution and defense of class-action lawsuits. Based on that experience, the Parties' counsel agree that the proposed settlement is one that is fair and adequate to members of the Class.

e. *The presence of a governmental participant*

There is no governmental entity participating in this matter, but lululemon provided notice of the Settlement to all appropriate state and federal authorities on October 9, 2013, pursuant to CAFA (28 U.S.C. § 1715(b)).

f. *The reaction of the Class Members*

A class action settlement may be presumed fair when there are only a small percentage of objectors. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 245 (2001). No Class member has objected to the Settlement, and no Class member excluded themselves from the Settlement. Jue Decl. at ¶¶7-8. The fact that only no objection has been filed weighs in favor of Settlement approval.

g. **Lack of collusion between the Parties**

Proposed class settlements which are "negotiated at arm's length by counsel for the class" are entitled to "an initial presumption of fairness." *See* Newberg on Class Actions Section 11:41 at 90. Here, the proposed settlement is the product of extensive negotiations conducted at arm's-length among counsel and a well-respected mediator. Class Counsel and counsel for lululemon demonstrated that they were fully prepared to litigate this case through final judgment. This litigation has been hotly contested since its inception in August of 2012—there can be no question of any collusion between counsel.

**B.     The Class Received Adequate Notice of the Settlement.**

Class members must be given reasonable notice of any proposed settlement and the Court should "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See* Fed. R. Civ. P. 23(c)(2)(B), 23(e)(1). The notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the Class definition; (iii) the Class claims, issues, or defenses; (iv) that a Class member may appear through counsel; (v) that Class members may exclude themselves and how to do so; and (vi) the binding effect of a class judgment on Class members. *See* Fed. R. Civ. P.

-13-

1  23(c)(2)(B).

2  Here, the Notice approved by the Court's Preliminary Approval Order
3  complied with all of these requirements.  lululemon delivered the court-approved
4  Notices by posting the notice in its showrooms in Truckee, Studio City, and San
5  Diego, and by directly emailing the notices to Class members for whom lululemon
6  has an email address. Jue Decl. at ¶3; McManus Decl. at ¶2; Robinson Decl. at ¶2;
7  Hurwitz Decl. at ¶2.  The Settlement Website was also made available to Class
8  members at www.lululemon-songbeverlysettlement.com. Jue Decl. at ¶2.
9  Additionally, the Settlement Administrator established a toll-free telephone
10 number for those Class members with questions and concerns. *Id*. at ¶2.  Thus, the
11 three forms of Notice fairly and accurately informed the Class members of the
12 terms of the Settlement and provided sufficient opportunity for them to make
13 informed decisions regarding their rights.

## IV. CONCLUSION

The parties request that the Court grant final approval to the Settlement Agreement.

DATED: February 21, 2014           STONEBARGER LAW, APC

                                   PATTERSON LAW GROUP, APC

                                   PILOT LAW, P.C.


                                   By: */s/ Gene J. Stonebarger*
                                       Gene J. Stonebarger
                                       gstonebarger@stonebargerlaw.com
                                       Attorneys for Plaintiff Lauren Chaikin
                                       and the Class

STONEBARGER LAW
A Professional Corporation