# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN CHAIKIN, an individual, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>LULULEMON USA INC., a Nevada Corporation, LULULEMON ATHLETICA INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO.: 3:12-CV-02481-GPC-MDD<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>**[DKT. NOS. 28, 29.]** |

Currently pending before the Court is Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, (Dkt. No. 29), and Plaintiffs' Motion for Attorneys' Fees and Incentive Award. (Dkt. No. 28.) After consideration of the Parties' briefs and supporting declarations, the Court GRANTS Final Approval of the Settlement and GRANTS Plaintiffs' Motion for Attorney's Fees and an Incentive Award for named Plaintiff Lauren Chaikin.

## PROCEDURAL HISTORY

As set forth in the settlement agreement between the parties, Plaintiff Lauren Chaikin filed a County of San Diego Superior Court Complaint against Defendants

1  lululemon USA, Inc. and lululemon Athletica, Inc. (collectively, "Defendants") on
2  or about August 10, 2012. (Dkt. No. 1 Ex. A; see also Dkt. No. 24-3 at 2.) Plaintiff
3  alleged violations of the Song-Beverly Credit Card Act, Cal. Civil Code § 1747.08,
4  negligence, invasion of privacy, and unlawful intrusion. On October 19, 2012,
5  Defendants filed a motion to dismiss the Complaint. (Dkt. No. 6.) On November 9,
6  2012, Plaintiff filed an Amended Complaint. (Dkt. No. 8.) Plaintiff alleges
7  Defendants requested and recorded zip codes from their credit card customers in
8  California.

9  On November 6, 2013, the Court entered an Order preliminarily approving
10 the Parties' class action settlement; certifying the settlement class; appointing class
11 representatives and class counsel; approving the Parties' notice plan; and setting a
12 final approval hearing for Friday, March 14 at 1:30 p.m. (Dkt. No. 25,
13 "Preliminary Approval Order.")

14 The Court has reviewed and considered: (1) the terms and conditions of the
15 proposed Settlement as set forth in the Settlement Agreement, (Dkt. No. 24-3); (2)
16 the memorandum in support of the motion for an award of attorneys' fees, costs,
17 expenses, as well as a named plaintiff incentive award, (Dkt. No. 28); (3) the
18 points and authorities submitted by Plaintiffs in support of the motion for final
19 approval of the settlement, (Dkt. No. 29); (4) the declarations and exhibits
20 submitted in support of said motions; (5) the entire record of this proceeding,
21 including but not limited to the points and authorities, declarations, and exhibits
22 submitted in support of preliminary approval of the settlement, (Dkt. No. 24); (6)
23 the notice plan providing notice to the Class; (7) the proceedings at the Final
24 Approval Hearing; (8) the absence of any objections or exclusions from the
25 Settlement; (9) this Court's experiences and observations while presiding over this
26 matter, and the Court's file herein; and (10) the relevant law.

27 Based on these considerations and the Court's findings of fact and
28 conclusions of law as set forth in the Preliminary Approval Order, the Court enters

the following FINDINGS and CONCLUSIONS:

    A.    The Court has subject-matter jurisdiction over this Action and all acts within this Action, and over all the parties to this Action, including all members of the Class.

    B.    The Class provisionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and the Class Representative have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

    C.    The notice to putative Class Members was comprised of emailed notice to all Class Members who provided an email address to Defendants and steps taken to provide notice to unknown Class Members. The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

    D.    The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement.

    E.    The Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand, before the Honorable William C. Pate, a neutral mediator. (See Dkt. No. 29-2 ¶ 3.) The Court has found no evidence of collusion or other conflicts of interest between Plaintiff, Class Counsel, and the Class. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

F.    The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class. In reaching this conclusion, the Court considered a number of factors, including: [1] the strength of Plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

In particular, Plaintiffs and Class Counsel maintain that this action and the claims asserted therein are meritorious and that Plaintiffs and the Class have the evidence to establish a case against Defendants. (Dkt. No. 29-1 at 9.) However, Defendants deny any wrongdoing and argue that the voluntary nature of their customers' provision of information is a valid affirmative defense to Plaintiffs' claims. (Id. at 10.) The Parties acknowledge that protracted litigation over their respective legal positions will entail substantial risk for both sides; expense; uncertainty; and delays. (Id.)

Based on the stage of litigation reached concerning relevant legal issues and the parties' exchange of information through their voluntary discovery process, Plaintiffs and Defendants were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation and the benefits of the Settlement. Class Counsel and Defendants' Counsel are highly experienced civil litigation lawyers and are capable of properly assessing the risks, expenses, and duration of continued litigation.

In addition, although the settlement involves credit vouchers rather than a cash distribution, Defendants will provide $25.00 vouchers to 3,509 class members under the Settlement Agreement. (Id. at 2.) Redemption of the credit vouchers will

require no additional purchase, and the credit vouchers will be valid for six months. In addition, the Settlement affords injunctive relief to the Class. Defendants have agreed to comply with the provisions of California Civil Code section 1747.08 in its California retail stores and to refrain from collecting personal identification information except for reasons specifically exempted from section 1747.08. (Id.)

The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiff might receive if she prevailed at trial, the strengths and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiff and the Class would receive less than the Settlement relief, or nothing, at trial. The relief offered by the Settlement is fair, reasonable, and adequate in view of these factors.

G. No putative Class Members elected to opt out of the Settlement and the Class. As such, all Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

**Certification of Class and Approval of Settlement**

1. The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2. The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only,

the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All persons who used a credit card to purchase merchandise at one of the Affected Locations during the applicable Class Period, and from whom Defendants requested and recorded their ZIP code.

The term "Affected Locations" means the select lululemon showrooms in California where ZIP codes were inadvertently collected by Defendants during the applicable Class Period, specifically, Carmel (now closed), Lake Tahoe, Los Gatos (now closed), San Diego, and Sherman Oaks (now closed).

The "Class Period" is specific to the location of the lululemon showroom at which the credit card transaction occurred, and means the following: (a) August 10, 2011, to August 16, 2012, for credit card transactions at the Carmel, Lake Tahoe, Los Gatos, and Sherman Oaks showrooms; or (b) August 10, 2011, to December 20, 2012, for credit card transactions at the San Diego showroom only.

Excluded from the Settlement Class are all persons who used a debit card, business credit card or a prepaid credit card to purchase merchandise; all persons who only engaged in a transaction that involved shipping, delivery, return or servicing of the purchased merchandise, or for special orders; all persons who opt-out of the settlement in a timely and correct manner; Defendants, its subsidiaries, affiliates, successors, assigns, any entity in which Defendants have a controlling interest and all of their respective officers, directors, and employees; counsel of record and their respective law firms for either of the Parties; and the presiding judge in the Action, his family members and relatives.

3.   The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need

not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

4. For purposes of Settlement only, the named Plaintiff is certified as representative of the Class and Class Counsel is appointed counsel to the Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

5. Notwithstanding the certification of the foregoing Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

## Release and Injunctions Against Released Claims

6. The Settlement Class, and each Settlement Class Member and Plaintiff, on behalf of themselves, their family members, agents, employees, representatives, attorneys, prior attorneys, insurers, reinsurers, successors, assigns, and heirs, do hereby fully release, relieve, acquit, remise and discharge Defendants, their predecessors, successors, parent companies, subsidiaries, assigns, managing agents, partners, partnership, officers, directors, affiliated and related entities, attorneys, insurance carriers, reinsurance carriers, agents, shareholders, servants, employees, representatives, and all persons, firms, associations, and/or corporations connected with each of them without limitation, from and against the Subject Claims and any claim, demand, obligation, action, cause of action, costs, expenses, losses or liability, for damages and injuries arising out of or related in

any way to the causes of action and/or claims that have been alleged and/or could have been alleged based on the facts alleged in the Action, whether in law or equity, known or unknown, whether real, personal, economic, or otherwise, including claims for attorneys' fees and other damages in connection with the Subject Claims.

The "Subject Claims" include all claims against Defendants, whether known or unknown, relating to the subject matter of this Action, alleged caused by Defendants, including those claims and causes of action set forth in the Complaint or Operative Complaint filed in the Action.

7. The Settlement Class, each Settlement Class Member, and Plaintiff, and each of them, hereby knowingly and voluntarily waive and relinquish all rights and benefits afforded by Section 1542 of the California Civil Code relating to the Subject Claims, and by any comparable state or federal statute, law, right, or rule which may be applicable hereto. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

**Applications for Attorneys' Fees, Costs, and Expenses and Representative Plaintiff Incentive Award**

8. The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. The Court recognizes that Defendants have not opposed the application for an award of attorneys' fees and costs of $155,000.00 to be paid by Defendants. This agreement is in addition to the other relief to be provided to Class Members under the Agreement.

The Court notes that "coupon" settlements generally require increased judicial scrutiny under the Class Action Fairness Act ("CAFA"). In re HP Inkjet Printer Litig., 716 F.3d 1173, 1178 (9th Cir. 2013) (citing CAFA, 28 U.S.C. § 1712(e)). However, CAFA does not define what constitutes a "coupon." See 28 U.S.C. § 1711 (defining various other terms). Although courts have often blurred the distinction between "coupons" and "vouchers," the Court adopts the approach of the line of federal district court cases distinguishing credit vouchers, which require no additional purchase to redeem and therefore operate like cash, from coupons, which provide a discount or subsidy from a larger purchase and thus fall under the restrictions of section 1712(e). See Foos v. Ann, Inc., No. 11cv2794 L(MDD), 2013 WL 5352969 *2 (S.D. Cal. Sept. 24, 2013) (Lorenz, J.) ("The distinction between a coupon and a voucher is that a coupon is a *discount* on merchandise or services offered by the defendant and a voucher provides for *free* merchandise or services.") (emphasis in original); Seebrook v. Children's Place Retail Stores, Inc., No. C 11-837 CW, 2013 WL 6326487 (N.D. Cal. Dec. 4, 2013) (finding a $10.00 certificate was not a coupon because much of the merchandise at defendant's stores was priced for purchase at ten dollars or less and class members did not need to spend money to realize the settlement benefit). Accordingly, the Court does not view this settlement as a "coupon settlement" requiring the application of 28 U.S.C. § 1712.

In addition, the settlement at issue includes injunctive relief, requiring Defendants' continued compliance with California Civil Code section 1747.08. In class actions that provide for injunctive relief, courts frequently use a "lodestar" calculation because there is no way to gauge the net value or any percentage of the settlement. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996); see also Blum v. Stenson, 465 U.S. 886, 897 (1984) (The lodestar calculation begins with the

multiplication of the number of hours reasonably expended by a reasonable hourly rate.). After computing the "lodestar," the district court may then adjust the figure upward or downward taking into consideration twelve "reasonableness" factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Morales, 96 F.3d at 363 n. 8 (quoting Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). The hours expended and the rate should be supported by adequate documentation and other evidence; thus, attorneys working on cases where a lodestar may be employed should keep records and time sheets documenting their work and time spent. Hensley v. Eckerhart, 461 U.S. 424 (1983). However, trial courts may use "rough" estimations, so long as they apply the correct standard. Fox v. Vice, 131 S. Ct. 2205, 2216 (2011).

     Here, Plaintiff's counsel calculated their lodestar using current billing rates for the five attorneys who worked on this case: $650.00 per hour for 77.4 hours for Gene J. Stonebarger of Stonebarger Law; $500.00 per hour for 1.1 hours for Richard D. Lambert of Stonebarger Law; $350.00 per hour for 47.7 hours for Elaine W. Yan of Stonebarger Law; $650.00 per hour for 31 hours for James R. Patterson from Patterson Law Group, APC; and $500.00 per hour for 124 hours for Brian J. Lawler of Pilot Law, P.C. Plaintiff's counsel asserts the requested rates are reasonable and supports this contention by providing substantial authority that similar hourly rates have been approved by both California state and federal courts. (Dkt. No. 28-2 ¶ 7.) Having reviewed the declarations and legal authorities

provided by Class Counsel, the Court finds that the requested hourly rates charged by counsel are reasonable. Accordingly, Class Counsels' current total lodestar is $154,833.61, plus $5,128.61 in unreimbursed costs. Class Counsel is not seeking a multiplier to increase the fee award in this case. (Dkt. No. 28-1 at 15.)

On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $155,000.00, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

9.  The Court has reviewed the application for a named plaintiff incentive award submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. The Court recognizes that Defendants have not opposed the application for an incentive award of $3,000 to be paid by Defendants. This agreement is in addition to the other relief to be provided to Class Members under the Agreement. Given the time and risk expended by Plaintiff to litigate this case on behalf of the class, the Court finds that Plaintiff's request for an incentive award is fair, reasonable, and appropriate and hereby awards an incentive award to Plaintiff in the amount of $3,000.00, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

### Other Provisions

10.  Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiff, any Class Member, Defendants, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received

in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement, this Order, and the final Judgment to be entered thereon may be filed in any action by Defendants or Class Members seeking to enforce the Settlement Agreement or the final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future actions or other proceedings as to Subject Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Class Members or any other person subject to the provisions of this Order.

11. In the event that the Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Dismissal; Continuing Jurisdiction

12. The Action and the claims alleged therein are hereby ordered dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

13. Without in any way affecting the finality of this Order and the final Judgment, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, and consummation of the Settlement Agreement.

//
//

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that:

1) The unopposed motion for attorney's fees, (Dkt. No. 28), is **GRANTED**. The Court awards $155,000.00 to Class Counsel and $3,000.00 to Named Plaintiff Lauren Chaikin;

2) The unopposed motion for final approval of class action, (Dkt. No. 29), is **GRANTED**;

3) This action, including all individual and Class claims resolved in it, is **DISMISSED WITH PREJUDICE**, without an award of attorneys' fees, costs, litigation expenses, or incentive payments to any party except as provided in this Final Approval Order. The Clerk of Court is directed to enter **FINAL JUDGMENT** accordingly.

**IT IS SO ORDERED.**

Dated: March 14, 2014

HON. GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE